**Buckley Sandler** LLP

Ross E. Morrison
1133 Avenue of the Americas
Suite 3100
New York, NY 10036
t 212.600.2315
rmorrison@buckleysandler.com

October 31, 2014

SO ORDERED: 11/10/14

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Via ECF
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square   Room 2102
New York, New York 10007

Re:   *Nungester, et al. v. AHMSI Insurance Agency, Inc. et al.*,
No. 14 Civ. 07338 (AJN)

Dear Judge Nathan:

So ordered

We represent Defendants QBE Financial Institution Risk Services, Inc. f/k/a Sterling National Corporation f/k/a ZC Sterling Corporation, QBE Insurance Corporation, and QBE Specialty Insurance Company (collectively, the "QBE Defendants"), in the above-referenced action. We write on behalf of all Defendants to request that i) the Court extend the time for all Defendants to respond to the complaint in this action until thirty days after the resolution of the interlocutory appeal in *Rothstein v. GMAC Mortgage LLC*, No. 12 Civ. 3412 (AJN), *pet. for leave to appeal granted*, 14-2250-cv (2d Cir.); and ii) stay all other proceedings in this action until the resolution of the *Rothstein* appeal, with the exception of some limited document discovery, as agreed to by the parties. Plaintiffs consent to these requests. In addition, we write on behalf of all parties to request that the Court i) adjourn *sine die* the initial pretrial conference currently scheduled in this action for November 14, 2014; and ii) so Order the enclosed Protective Order.

The background to this matter is as follows. Plaintiffs filed their complaint on September 10, 2014. The complaint alleges that Plaintiffs and a putative nationwide class of borrowers with loans serviced by Defendant Homeward Residential Holdings, Inc. f/k/a American Home Mortgage Servicing, Inc. ("Homeward"), were charged for lender-placed insurance ("LPI"), issued by the QBE Defendants. Compl., ¶¶ 1-3. According to the complaint, "[m]ortgages require borrowers to maintain homeowners insurance to protect the lender's interest in the secured property. If a borrower's homeowners insurance lapses, the lender is entitled to purchase LPI, 'force place' it, and be indemnified by the borrower for the expense of the premium." *Id.*, ¶ 2. The complaint alleges that "Defendants perpetrated a scheme to overstate Homeward's LPI premium expenses," whereby the QBE Defendants allegedly gave Homeward secret "kickbacks," which effectively reduced the cost of the LPI to Homeward, but that Homeward charged "Plaintiffs for the full . . . price of the premiums." *Id.*, ¶ 3. Plaintiffs allege that this

The Honorable Alison J. Nathan
October 31, 2014
Page 2

purported scheme violates the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(a) ("RESPA"), and various state laws.

*Rothstein* involves claims similar to those asserted here. In *Rothstein*, the plaintiffs assert that their mortgage servicer, GMAC Mortgage LLC, charged them the full premiums for their LPI despite having received alleged "kickbacks" from certain insurance companies that reduced the cost of the LPI, and that this kickback scheme violated RICO, RESPA, and various state laws. The Court held in *Rothstein* that the filed rate doctrine did not bar these claims and denied the defendants' motion to dismiss them. *See Rothstein*, No. 12 Civ. 3412 (AJN), 2013 WL 5437648 (S.D.N.Y. Sept. 30, 2013). However, following the Court's decision in *Rothstein*, the Court certified its ruling on the filed rate doctrine for interlocutory appeal, *id.*, 2014 WL 1329132 (S.D.N.Y. Apr. 3, 2014), and the Second Circuit subsequently granted the defendants' petition to appeal, *see Rothstein v. Balboa Insurance Co.*, No. 14-1113, 2014 WL 4179879 (2d Cir. June 25, 2014). The *Rothstein* appeal currently is being briefed in the Second Circuit.

In this case, Defendants intend to move to dismiss the complaint based on the filed rate doctrine, among other grounds. Given the similarity between the claims asserted here and in *Rothstein*, Defendants believe that the Second Circuit's decision in *Rothstein* very likely will have a significant impact on the applicability of the filed rate doctrine to Plaintiffs' claims, and will affect both the scope of the legal issues and the discovery, if any, that is necessary. Defendants therefore request that the Court adjourn Defendants' time to respond to the complaint until thirty days after the resolution of the *Rothstein* appeal, and stay all other proceedings in the case pending the resolution of that appeal. The requested stay will avoid the potentially unnecessary expenditure of judicial resources in adjudicating a motion to dismiss based on the filed rate doctrine that may be rendered unnecessary by the Second Circuit's decision in *Rothstein*, and also will conserve the parties' resources in litigating this action. *See* Order Granting Letter to Request to Stay Case, *Hoover v. HSBC Mortgage Corp.*, No. 13 Civ. 149 (MAD/DEP) (N.D.N.Y. filed July 9, 2014) (order staying proceedings in another similar LPI class action pending resolution of the *Rothstein* appeal).[1] Plaintiffs consent to the requested relief. In addition, in view of the requested stay and Plaintiffs' consent, all parties request that the Court adjourn the initial pretrial conference *sine die*.

If the Court grants the stay, the QBE Defendants, Homeward and Defendants WL Ross & Co., LLC, WLR AHM Co-Invest, L.P., WLR/GS Master Co-Investment, L.P., WLR Recovery Fund III, L.P., WLR Recovery Fund IV, L.P., and WLR IV Parallel Esc., L.P. have agreed to produce limited document discovery to Plaintiffs while the case is

---

[1] If the Court grants the requested relief, Defendants preserve all available defenses and their right to move to dismiss on any available grounds after a stay is lifted, if necessary.

The Honorable Alison J. Nathan
October 31, 2014
Page 3

stayed. These parties have reached agreements as to the scope of such discovery, and accordingly request that the Court So Order the enclosed Protective Order.[2]

This is Defendants' first request to extend their time to respond to the complaint and for a stay, and the parties' first request to adjourn the initial pretrial conference.

Respectfully submitted,

/s/ Ross E. Morrison
Ross E. Morrison
BuckleySandler LLP
1133 Avenue of the Americas
Suite 3100
New York, New York 10036
Tel: (212) 600-2315
Fax: (212) 600-2405
rmorrison@buckleysandler.com

Enclosure

cc (via email)
Kirby McInerney LLP
Mark A. Straus, Esq. (mstrauss@kmllp.com)
Thomas W. Elrod, Esq. (telrod@kmllp.com
*Attorneys for Plaintiffs*

Hunton & Williams LLP
Ryan A. Becker, Esq. (rbecker@hunton.com)
Brian V. Otero, Esq. (botero@hunton.com)
*Attorneys for Defendant Homeward Residential Holdings, Inc.*

Weil, Gotshal & Manges LLP
David J. Lender, Esq. (david.lender@weil.com)
Kevin F. Meade, Esq. (kevin.meade@weil.com)
*Attorneys for Defendants WL Ross & Co., LLC, WLR AHM Co-Invest, L.P., WLR/GS Master Co-Investment, L.P., WLR Recovery Fund III, L.P., WLR Recovery Fund IV, L.P., and WLR IV Parallel Esc., L.P.*

Amy Rose, Esq. (Amy.Rose@Altisource.lu)
*Attorney for Defendant AHMSI Insurance Agency, Inc.*

---

[2] This limited document discovery is without prejudice to Defendants' right to argue that discovery should be stayed while the Court resolves any motion to dismiss that may be filed.