UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GERALD NUNGESTER, ET AL.,          :

           **Plaintiffs,**          :

      **v.**          :

AHMSI INSURANCE AGENCY INC.          :
ET AL.,

          **Defendants.**          :

                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ECF CASE

14 Civ. 07338 (AJN)

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

Upon consideration of this Stipulated Protective Order ("Protective Order" or "Order")
filed by the parties to this action, and for good cause shown, the Court hereby enters the
following Protective Order.

1.     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this
action, through their respective counsel,[1] hereby stipulate to the entry of this Protective Order for
the protection of certain confidential, personal, proprietary, financial, and/or trade secret
information which may be produced or otherwise disclosed during the course of this action.

2.     The parties hereby agree that any documents, electronically stored information, or
other written material (collectively "Material") produced by any one party or non-party to this
action (the "Producing Party") and designated by the Producing Party as containing
"CONFIDENTIAL" information shall not be disclosed by any of the parties or their affiliates to
anyone other than: (1) parties to this action, including employees and officers of any party as
long as those employees and officers have been advised of this Protective Order and the fact that

---

[1] Defendant AHMSI Insurance Agency, Inc., n/k/a Beltline Road Insurance Agency, Inc., has not yet
retained outside counsel for this litigation, but its in-house counsel consents to the terms of this Stipulated Protective
Order on its behalf.

they are bound by its terms; (2) counsel of record for the parties, including law firm employees and outside vendors providing, e.g., copying or data processing services; (3) agents, independent consultants, experts, and other professionals retained by a party in connection with this action (each a "Consultant"); (4) court reporters in this action and their staffs; and (5) the Court and Court personnel.

3. The parties hereby agree that any Material produced by a Producing Party and designated by that party as containing "ATTORNEYS' EYES ONLY" information shall not be disclosed by any of the parties or their affiliates to anyone other than: (1) counsel of record for the parties, including law firm employees and outside vendors providing, e.g., copying or data processing services; (2) in-house counsel of any party and persons working at their direction or assisting in the prosecution or defense of the litigation; (3) any Consultant; (4) court reporters in this action and their staffs; and (5) the Court and Court personnel.

4. It is understood by the parties that Material shall not be designated as "CONFIDENTIAL" unless state or federal law requires such designation or the designating party believes in good faith that the Material contains confidential, personal, proprietary, financial, and/or trade secret information. It is understood by the parties that Material shall not be designated as "ATTORNEYS' EYES ONLY" unless state or federal law requires such designation or the designating party believes in good faith that the Material contains highly confidential business or financial information or proprietary technical information and specifications.

5. Material may be designated as Confidential Information by placing a stamp or otherwise inscribing "CONFIDENTIAL" upon every page that is CONFIDENTIAL as defined above.  Material may be designated as Attorneys' Eyes Only Information by placing a stamp or otherwise inscribing "ATTORNEYS' EYES ONLY" on each page that is ATTORNEYS' EYES

ONLY as defined above. Electronically stored information may be designated as Confidential

Information by placing a mark that reads "CONFIDENTIAL" on the information or media

containing the information. Electronically stored information may be designated as Attorneys'

Eyes Only Information by placing a mark that reads "ATTORNEYS' EYES ONLY" on the

information or media containing the information.

6. Deposition exhibits or transcripts, or any portion thereof, may be designated as

Confidential Information or Attorneys' Eyes Only Information by making such a designation on

the record at the deposition or by making such a designation in writing within fourteen calendar

days of receipt of the deposition transcript by the party so designating the exhibit or transcript.

Until fourteen calendar days after receipt by that party of the deposition transcript, the entire

transcript and all exhibits shall be treated as Attorneys' Eyes Only Information. The party

conducting the deposition shall bear the burden of ensuring that the cover page and any

designated portions of the original transcript or any copies of the transcript bear the legend

"CONFIDENTIAL - Subject to Protective Order" or "ATTORNEYS' EYES ONLY - Subject to

Protective Order," as appropriate.

7. Responses to interrogatories, responses to requests for production of documents,

information or things, and responses to requests for admission, may be designated as

Confidential Information or Attorneys' Eyes Only Information by placing the legend

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate, on the first page of such

document and on any pages that contain Confidential Information or Attorneys' Eyes Only

Information.

8. Notwithstanding the foregoing, no Material designated by any of the parties as

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be disclosed to a Consultant unless

and until such Consultant is both informed of this Protective Order and has agreed, in writing, by

signing the attached acknowledgement (the "Acknowledgement") or other instrument similarly

agreeing: (1) to be bound by the terms of this Protective Order and (2) not to disclose or

otherwise use, for the benefit of anyone other than the party retaining the Consultant, any

Confidential or Attorneys' Eyes Only Information.  A party shall be entitled to written

confirmation that each Consultant with whom Confidential or Attorneys' Eyes Only information

is shared has agreed to and signed the acknowledgment, but shall not be entitled to copies of

such acknowledgments.  Such Consultant shall return to the retaining party, at the conclusion of

this litigation (herein defined as the conclusion of all formal and informal proceedings arising

from or relating to this litigation, including appeals), all originals and copies of such Confidential

or Attorneys' Eyes Only Information, and summaries thereof, except that Consultants shall be

permitted to retain copies of their own work product provided that any such materials are

maintained and protected in accordance with the terms of this Protective Order.

9.      To the extent any motions, briefs, pleadings, deposition transcripts, or other

papers to be filed with the Court incorporate Material or information subject to this Protective

Order, the party filing such papers shall seek permission from the Court to either: (1) file public

pleadings or briefs or exhibits containing Confidential or Attorneys' Eyes Only Information with

the clerk under seal; or (2) file documents that contain both Confidential or Attorneys' Eyes

Only Information and non-confidential information with the clerk with the Confidential or

Attorneys' Eyes Only Information redacted.

10.     Any party may at any time seek Court review of the appropriateness of any

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation of Material made by a party

pursuant to this Protective Order, provided that prior to and during the pendency of any such

review the parties will treat the challenged information or documents as "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" as provided herein until the Court issues a final judicial

resolution concerning the challenged designation. In any such motion, the producing party

claiming the right to designate the material protected as "CONFIDENTIAL" or "ATTORNEYS'

EYES ONLY" shall have the burden of establishing the grounds for the designation and

treatment of information as entitled to protection in accordance with this Protective Order and

applicable law. Prior to seeking Court review, the parties shall attempt to resolve the designation

dispute.

11.     Any failure to designate Material as "CONFIDENTIAL" or "ATTORNEYS'

EYES ONLY" that was the result of a mistake or oversight may be cured after the date of

production by providing written notice to the other parties within a reasonable period of time

after discovering the mistake or oversight and, to the extent reasonably possible, all others bound

by the terms of this Protective Order. Upon receipt of such notice, such individuals shall

immediately take action to maintain and restrict the use of such information in accordance with

the terms of this Protective Order.

12.     If any Confidential or Attorneys' Eyes Only Information is disclosed to any

person other than as permitted by this Protective Order, the party responsible for the disclosure

shall, upon discovery of the disclosure, immediately inform the party whose information is

disclosed of all facts pertinent to the disclosure, including the name, address, and employer of the

person to whom the disclosure was made. The party responsible for the disclosure shall take all

reasonable steps to prevent any further disclosure of the Confidential or Attorneys' Eyes Only

Information.

13.     The existence of this Protective Order shall be disclosed to any person producing

documents, tangible things or testimony in this action (including in response to a third party

subpoena) who may reasonably be expected to desire confidential treatment for such documents,

tangible things, or testimony. Any such person may designate documents, tangible things, or

testimony "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order.

14.     Nothing herein shall be construed as a waiver of any party's right to object to the production or admissibility, at trial, deposition, or hearing, of any evidence or testimony based upon any ground other than confidentiality. Nor should any terms of this Protective Order be construed as a limitation on the Producing Party's right to use or disclose that party's own Material as it sees fit without the prior approval of the other parties or the Court notwithstanding an earlier designation by the Producing Party of the Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

15.     Nothing herein shall impose any restrictions on the use or disclosure by a party of any document, material or information legitimately obtained by such party independently of the discovery proceedings in this action and that is or becomes generally available to the public (other than as a result of disclosure in violation of this Order or any other applicable protective order in another action).

16.     Within sixty calendar days after the conclusion of this litigation the parties agree to return or destroy, if permitted by applicable law, all Material designated or marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," including summaries thereof, which are received pursuant to this Protective Order. To the extent applicable law requires that Confidential or Attorneys' Eyes Only Information be retained for a period of time after the conclusion of this litigation, the parties agree to maintain all such Confidential or Attorneys' Eyes Only Information in a manner consistent with the confidentiality obligations set forth herein, as the parties agree that the obligations of confidentiality imposed by this Protective Order shall survive the conclusion of this litigation to the extent permitted by applicable law. Once applicable law permits the return or destruction of such Confidential or Attorneys' Eyes Only Information, the

parties agree to return or destroy all such information. In addition, counsel for any party shall be entitled to retain all court pleadings, papers, transcripts, exhibits, correspondence, and attorney work-product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

17.     Production of any Personal Financial Information in this action pursuant to this Protective Order shall satisfy and constitute compliance with any obligations the Producing Party may have under the Gramm-Leach-Bliley Act and the Fair Credit Reporting Act, including any rules or regulations promulgated thereunder. The disclosure of any Personal Financial Information in this action pursuant to this Protective Order shall constitute disclosure of such Personal Financial Information pursuant to 15 U.S.C. § 6802(e)(8), 16 CFR 313.15(a)(7)(iii) and 15 U.S.C. § 1681b(a)(1), that may have been collected or produced in connection with any mortgage loan. To the extent required by applicable law, any party to this action and/or any non-party receiving any Personal Financial Information shall direct permitted recipients of such Personal Financial Information to take reasonable measures and implement reasonable safeguards to control and restrict access to and/or use of Personal Financial Information so as to minimize the use and/or authorized disclosure of such Personal Financial Information and to prevent the unauthorized disclosure of such Personal Financial Information. "Personal Financial Information," as referred to in this paragraph, shall include, without limitation, non-public personal information, including, among other things, personally identifiable financial information relating to borrowers and/or consumers (such as individuals' Social Security numbers) that may be subject to the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801, et seq., and other applicable laws and regulations, and/or documents or data which constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. (collectively, "Personal Financial Information").

18.     Inadvertent production of Materials subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege.  With respect to such inadvertently produced Materials, the following procedures shall apply:

a.   The Producing Party inadvertently producing such Materials shall contact all other Parties to apprise them of such production within fifteen (15) days of discovery of the inadvertent production. Failure to provide such written notice within fifteen (15) days of discovery of the inadvertent production shall constitute a waiver by the Producing Party.

b.   If no dispute exists as to the protected nature of the inadvertently produced Materials, all Parties in possession of inadvertently produced Materials ("Party in Possession") shall, within fifteen (15) days of receiving the notice of inadvertent production destroy such inadvertently produced documents and notify the Producing Party that such destruction has been completed.

c.   In the event that only portions of the inadvertently produced Materials contain privileged subject matter, the Producing Party shall substitute redacted versions of the Materials within ten (10) days of notifying the other Party of the inadvertently produced documents.

d.   If the Party in Possession believes that the Materials are not subject to the protections of work-product immunity, attorney-client privilege, or other legal privilege protecting information from discovery, the Party in Possession shall, within fifteen (15) days of sending or receiving the notice of inadvertent production, object to the Producing Party's claim of protection by notifying the Producing Party of the objection in writing and specifically identifying the produced Materials to which the objection applies.  Upon the Producing Party's receipt of written notification, the Parties shall confer in an effort to resolve the dispute without Court intervention.  If the Parties cannot resolve the dispute, the Party in Possession shall, within

fifteen (15) days of service of its written objection, contact the Court and the Producing Party to seek an *in camera* review of the Materials in question. If the Court determines that the inadvertently produced Materials are entitled to work-product immunity, attorney-client privilege, or other legal privilege or protection that protects the information from discovery, the Party in Possession shall comply with the decision of the Court.

      e.  Upon service of notice of inadvertent production pursuant to subparagraph 18(a), no use shall be made of inadvertently produced Materials during depositions, at trial or in submissions to the Court (other than submissions with regard to whether any privilege or immunity applies to such Materials, nor shall they be disclosed to anyone (other than persons identified in subparagraph 6(a)) who did not previously have access to them) until the Parties have agreed on the handling of such Material, or the Court has issued an order concerning the disputed Materials.

19.    Inadvertent failure to assert work-product immunity, the attorney-client privilege and/or other legal privilege protecting information from discovery in this lawsuit as to one item of Material shall not be deemed to constitute a waiver, in whole or in part, of any work-product immunity and/or privilege protection as to any other Materials, even if the Materials involve the same or similar subject matter.

20.    It is ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

21.    This Protective Order shall be binding upon any future party to this litigation.

22.     Any party may petition the Court in the event that such party desires relief from, or modification of, a term or condition of this Protective Order.

Dated: New York, New York
      October 31, 2014

**Weil, Gotshal & Manges LLP**

By: /s/ David J. Lender

David J. Lender
Kevin F. Meade
767 5th Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
Email: david.lender@weil.com
         kevin.meade@weil.com

*Attorneys for Defendants WL Ross & Co.,
LLC, WLR AHM Co-Invest, L.P., WLR/GS
Master Co-Investment, L.P., WLR Recovery
Fund III, L.P., WLR Recovery Fund IV, L.P.,
and WLR IV Parallel Esc., L.P.*

**Hunton & Williams LLP**

By: /s/ Brian V. Otero

Brian V. Otero
Ryan A. Becker
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
Email: botero@hunton.com
         rbecker@hunton.com

*Attorneys for Defendant Homeward
Residential Holdings, Inc. f/k/a American
Home Mortgage Servicing, Inc.*

**BuckleySandler LLP**

By: /s/ Ross E. Morrison

Ross E. Morrison
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Tel:  (212) 600-2315
Fax:  (212) 600-2405
Email: rmorrison@buckleysandler.com

*Attorneys for Defendants QBE Financial
Institution Risk Services, Inc. f/k/a Sterling
National Corporation f/k/a ZC Sterling
Corporation, QBE Insurance Corporation, and
QBE Specialty Insurance Company*

**Kirby McInerney LLP**

By: /s/ Mark A. Strauss

Mark A. Strauss
Thomas W. Elrod
825 Third Avenue, 16th Floor
New York, New York 10022
Tel: (212) 371-6600
Fax: (212) 751-2540
Email: mstrauss@kmllp.com
         telrod@kmllp.com

*Attorneys for Plaintiffs*

**SO ORDERED**

_____

Hon. Alison J. Nathan
United States District Judge

_____
Dated

## ACKNOWLEDGEMENT

I am an [agent, independent consultant, expert] retained or otherwise engaged by

_____ (the Retaining Party) in connection with the litigation known as

*Nungester, et al. v.AHMSI Insurance Agency, Inc.,et al.*, 14-cv-07338 (AJN), currently pending

in the United States District Court for the Southern District of New York. By signing this

acknowledgement, I certify that I have read the Protective Order in this case in its entirety, fully

understand my obligations under the Protective Order, and I hereby agree to be bound by its

terms during the course of my retention or engagement and thereafter. In particular, I agree not to

disclose to any non-party, or otherwise use, for the benefit of anyone other than the Retaining

Party any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Material, or summaries

thereof, which were provided to me by the Retaining Party. I further agree to return to the

Retaining Party at the conclusion of this litigation (herein defined as the conclusion of all

informal and formal proceedings arising from or relating to this investigation, including litigation

and appeals), or earlier if requested by the Retaining Party, all such Materials, or summaries

thereof, including work product derived from or based thereon.